[Cite as *Collier v. Ohio Dept. of Transp.*, 2010-Ohio-4223.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAURA COLLIER

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2010-01701-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On January 12, 2010, at approximately 6:45 p.m., plaintiff, Laura Collier, was traveling south on Interstate 270 in Franklin County "somewhere near the Main Street exit" when her 2008 BMW 335XI struck a pothole causing rim damage to the vehicle. Plaintiff pointed out she did not see the pothole "as it was dark out" and even if she could have seen the pothole she could not have maneuvered around the defect "because there were cars surrounding on all sides" her lane of travel. Interstate 270 South near the Main Street exit contains three roadway lanes of travel. The Main Street exit at Interstate 270 south corresponds to milepost 41.32. Plaintiff asserted the damage to her car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as potholes. Plaintiff filed this complaint seeking to recover $495.32, the total cost of replacement parts and repair expenses she incurred as a result of striking the pothole on Interstate 270. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to

plaintiff's January 12, 2010 described occurrence. Defendant advised ODOT records show no complaints of a pothole were received at the location on Interstate 270 South described by plaintiff (milepost 41.32). Defendant did submit documentation that twenty-one complaints of potholes on Interstate 270 were received on January 12, 2010, the day of plaintiff's incident. The approximate time of day these complaints were received was generally not indicated. None of the pothole complaints correspond to the location provided by plaintiff according to defendant. One complaint reported potholes in the center lanes of Interstate 270 South "just before the lanes merge at (Interstate) 70 (milepost 42.82). Another complaint located potholes "between Hamilton Road offramp (milepost 37.36) and 70 offramp (milepost 42.82). Another complaint described multiple "pot holes on I 270 SB on the east side between Hamilton (milepost 37.36) on E Broad street (milepost 39.53) exits." Still another complaint located a "huge pothole around mile marker 38.3 to 38.5." An additional complaint reported "many potholes in center lane of 270 from airport (milepost 37.36) to [o]betz (milepost 48.07) 270 South." Yet three other complaints reported pothole damage to vehicles "[o]n SB 270 between Hamilton Rd/Broad St." Defendant's records show ODOT received fifteen complaints on January 11, 2010 regarding potholes on Interstate 270 in Franklin County. None of these complaints were detailed by defendant. Furthermore, complaints of potholes on Interstate 270 were received by defendant on January 4, January 5, January 6 (two), January 7 (three), January 8 (two), and January 10, 2010. None of these complaints were detailed by defendant. Despite all complaints received by ODOT regarding potholes on Interstate 270 both on the date of plaintiff's incident and previous dates in January 2010, defendant specifically denied having any prior notice of a pothole located at milepost 41.32 on Interstate 270. Defendant suggested "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Furthermore, defendant contended plaintiff did not offer any evidence to prove the roadway was negligently maintained. Defendant related that ODOT "Franklin County Manager conducts inspections on all state roadways within the county on a routine basis, at least one to two times a month." Defendant stated "if ODOT personnel had detected any defects they would have been promptly scheduled for repair." Defendant's submitted records show ODOT personnel patched potholes in the vicinity

of plaintiff's incident on July 8, 2009, July 9, 2009, and January 9, 2010, just three days prior to the incident forming the basis of this claim.

{¶ 4} Plaintiff filed a response reasserting that the location of the damage-causing pothole was "somewhere near Main" on Interstate 270. Plaintiff pointed out the Hamilton Road exit and Broad Street exits are the exits prior to the Main Street exit on Interstate 270. Plaintiff suggested defendant had actual notice of the pothole considering all the complaints received about potholes on Interstate 270.

{¶ 5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is some evidence defendant had actual notice of the pothole on Interstate 270 prior to plaintiff's January 12, 2010 incident. However, the

evidence presented is insufficient to establish liability on an actual notice basis.

{¶ 8} Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 9} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown ODOT had constructive notice of the pothole for a sufficient time frame to invoke liability.

{¶ 10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The fact defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on January 9, 2010 tends to indicate the pothole plaintiff's car struck was a rapidly deteriorating repair. A pothole patch that deteriorates in less than ten days is prima facie evidence of specific negligent maintenance. See *Matala v. Ohio Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618. Sufficient evidence has been offered to prove the pothole plaintiff's car struck had been previously patched and rapidly deteriorated. The fact the pothole plaintiff's car struck was a deteriorated patch warrants a finding of liability under negligent maintenance. *Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-

AD, 2005-Ohio-2479; *Fisher v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-04869-AD, 2007-Ohio-5288.  Plaintiff has suffered damages in the amount of $495.32.  The $25.00 filing fee may be reimbursed as compensable costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LAURA COLLIER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-01701-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $520.32, which includes the filing fee.  Court costs are

assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Laura Collier                          Jolene M. Molitoris, Director
1226 Rock Mill Drive                   Department of Transportation
Blacklick, Ohio  43004                 1980 West Broad Street
                                       Columbus, Ohio  43223

RDK/laa
4/27
Filed 5/5/10
Sent to S.C. reporter 9/2/10